BEN & JERRY'S HOMEMADE,
INC., Plaintiff,

v.

The HAAGEN–DAZS COMPANY, INC.,
and the Pillsbury Company,
Defendants.

Civ. A. No. 87–2785–C.

United States District Court,
D. Massachusetts.

Nov. 24, 1987.

Howard K. Fuguet, Ropes & Gray, William L. Patton, Boston, Mass., for plaintiff.

Margaret H. Marshall, Arnold P. Messing, Csaplar and Bok, Boston, Mass., William C. Miller, Pillsbury, Madison and Sutro, San Francisco, Cal., Stanley M. Gorinson, Pillsbury, Madison and Sutro, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CAFFREY, District Judge.

Pursuant to Fed.R.Civ.P. 52(a), the following constitute the Court's Findings of Fact and Conclusions of Law on plaintiff's application for a preliminary injunction.

### FINDINGS OF FACT

1. In 1984 Ben & Jerry's Homemade, Inc. ("Ben & Jerry's") sued The Haagen–Dazs Company, Inc. ("Haagen–Dazs") alleging violations of antitrust law and state law. *Ben & Jerry's Homemade, Inc. v. Haagen–Dazs, Inc.*, Civil Action No. 84–2057–G. Haagen–Dazs consented to the entry of a stipulation in lieu of restraining order and, subsequently, the parties entered into a settlement agreement (the "Haagen–Dazs Settlement Agreement"), which is attached to the Verified Complaint in this action as Exhibit A. At the same time, Ben & Jerry's, Haagen–Dazs, and Haagen–Dazs's corporate parent, The Pillsbury Company ("Pillsbury"), entered into a second settlement agreement (the "Pillsbury Settlement Agreement"), which is attached to the Verified Complaint in this action as Exhibit B.

2. Under Section 1 of the Haazen–Dazs Settlement Agreement, Haagen–Dazs agreed not to take certain actions with respect to any Haagen–Dazs distributor or subdistributor who was servicing Massachusetts or Connecticut as of the date of that agreement. Specifically, in the first sentence of Section 1 Haagen–Dazs made the following promise to Ben & Jerry's:

> "Haagen–Dazs agrees that it will not, directly or indirectly, enter or attempt to enter into, or enforce or adopt any policy relating to, or take any action to coerce, any Haagen–Dazs distributor or subdistributor currently servicing any part of Massachusetts or Connecticut not to deal with, purchase, sell, or carry the products of Ben & Jerry's."

3. Under Section 2 of the Haagen–Dazs Settlement Agreement, Haagen–Dazs agreed not to take certain actions with respect to any Haagen–Dazs distributor or

subdistributor who *was not* servicing Massachusetts or Connecticut as of the date of that agreement. Specifically, in the first sentence of Section 2, Haagen–Dazs made the following promise to Ben & Jerry's, which in its plain meaning is the same as the first sentence of Section 1 in terms of the actions it prohibits with respect to the distributors and subdistributors in question:

"With respect to any other distributor or subdistributor of Haagen–Dazs products, Haagen–Dazs agrees that it will not, directly or indirectly, enter or attempt to enter into or enforce or attempt to enforce any agreement, written or oral, with or adopt any policy relating to or take any action to coerce any such distributor or subdistributor not to deal with, purchase, sell or carry the products of Ben & Jerry's."

4. With respect to any Haagen–Dazs distributor or subdistributor who was servicing any part of Massachusetts or Connecticut as of the date the Haagen–Dazs Settlement Agreement, Section 1 of the Haagen–Dazs Settlement Agreement forbids, *inter alia*, Haagen–Dazs to take any action to coerce such distributor or subdistributor not to deal with, purchase, sell, or carry the products of Ben & Jerry's.

5. With respect to Haagen–Dazs distributors or subdistributors who were servicing any part of Massachusetts or Connecticut as of the date of the Haagen–Dazs Settlement Agreement, the Haagen–Dazs corporate policy dated April 8, 1987 (which is annexed to the Verified Complaint in this action as Exhibit C and is hereinafter referred to as the "Exclusivity Policy"), the announcement thereof, and the other actions of Haagen–Dazs in connection therewith described in the papers submitted to the Court, each and all constitute actions by Haagen–Dazs to coerce these distributors or subdistributors not to deal with, purchase, sell, or carry the products of Ben & Jerry's.

6. With respect to any Haagen–Dazs distributor or subdistributor not covered by Section 1 of the Haagen–Dazs Settlement Agreement, Section 2 of the Haagen–Dazs Settlement Agreement forbids, *inter alia*, Haagen–Dazs to take any action to coerce any such distributor or subdistributor not to deal with, purchase, sell, or carry the products of Ben & Jerry's.

7. With respect to Haagen–Dazs distributors and subdistributors not covered by Section 1, the Exclusivity Policy, the announcement thereof, and the other actions of Haagen–Dazs in connection therewith described in the papers submitted to the Court, each and all constitute actions to coerce such distributors or subdistributors not to deal with, purchase, sell, or carry the products of Ben & Jerry's.

8. The above-described actions taken by Haagen–Dazs therefore constitute breaches and violations of Section 1 and Section 2 of the Haagen–Dazs Settlement Agreement. Said actions by Haagen–Dazs have caused, are causing, and if not enjoined will cause Ben & Jerry's serious, irreparable harm in the conduct of its business.

9. Section 1 of the Pillsbury Settlement Agreement requires Pillsbury "to use its best efforts to insure that Haagen–Dazs performs, in good faith, its obligations under the [Haagen–Dazs Settlement] Agreement."

10. Pillsbury, as the sole stockholder of Haagen–Dazs, has the power and ability to control, and in fact does control, the policies and actions of Haagen–Dazs.

11. Pillsbury has at all relevant times been fully informed of and had full knowledge of the matters and events set forth above including, *inter alia*, the above-described breaches and violations by Haagen–Dazs of the Haagen–Dazs Settlement Agreement.

12. At no time has Pillsbury made any effort to cause Haagen–Dazs to cease or to cure its above-described breaches and violations of the Haagen–Dazs Settlement Agreement. At no time has Pillsbury made any effort to insure that Haagen–Dazs, instead of committing and perpetuating the above-described breaches and violations of the Haagen–Dazs Settlement Agreement, performs its obligations under the Haagen–Dazs Settlement Agreement.

13. Pillsbury, by failing to make any effort to insure that Haagen–Dazs ceases

or cures its breaches and violations of, and performs its obligations under, the Haagen–Dazs Settlement Agreement, has committed a substantial breach and violation of the Pillsbury Settlement Agreement. Said conduct by Pillsbury has caused, is causing, and if not enjoined will cause Ben & Jerry's to suffer serious, irreparable injury in the conduct of its business.

14. Ben & Jerry's has no adequate remedy at law for the breaches of the Haagen–Dazs Settlement Agreement by Haagen–Dazs and the breaches of the Pillsbury Settlement Agreement by Pillsbury.

## CONCLUSIONS OF LAW

1. Settlement agreements are "a preferred alternative to costly, time-consuming litigation," and the public interest mandates that such agreements be enforced. *Mathewson Corp. v. Allied Marine Industries, Inc.*, 827 F.2d 850, 852 (1st Cir.1987).

2. Ben & Jerry's is probable to succeed on the merits of its claim that Haagen–Dazs has violated the Haagen–Dazs Settlement Agreement and that Pillsbury has violated the Pillsbury Settlement Agreement.

3. Ben & Jerry's will suffer irreparable harm in the immediate future if defendants' violations of the two settlement agreements are not preliminarily enjoined. Haagen–Dazs, on the other hand, will suffer no harm if a preliminary injunction is granted.

4. Ben & Jerry's is entitled to a preliminary injunction in the form of prayer 1 to the Verified Complaint.

## EXHIBIT A

### STIPULATION AND ORDER

The parties hereto stipulate as follows:

1. The Preliminary Injunction entered November 23, 1987 shall be vacated and the appeal by defendants therefrom dismissed.

2. Until 30 days after the entry of judgment by the trial court in In re Super Premium Ice Cream Distribution, MDL 682, either by dismissal, summary judgment, or after trial, this action is stayed, except that any party may apply to the Court to enforce this Stipulation and Order or any other obligation between them, including without limitation the settlement agreements which are of record in this action.

3. Pending the conclusion of the trial of this action, Haagen–Dazs will not, with respect to any distributor or subdistributor of Haagen–Dazs products servicing any part of Massachusetts and Connecticut as of the date hereof, (i) take any action to adopt, enforce, implement, or otherwise pursue any policy relating to any such distributor or subdistributor not dealing with, purchasing, selling, or carrying products of Ben & Jerry's; (ii) enter into or attempt to enter into or enforce or attempt to enforce any agreement, written or oral, with any such distributor or subdistributor not to deal with, purchase, sell, or carry products of Ben & Jerry's; (iii) take any action to coerce any such distributor or subdistributor not to deal with, purchase, sell, or carry products of Ben & Jerry's; or (iv) terminate any such distributor or subdistributor by reason of the fact that such distributor or subdistributor deals with, purchases, sells, or carries products of Ben & Jerry's.

4. Defendants will withdraw their motion to the Multidistrict Panel to transfer this action to California MDL 682.

5. The parties agree that the settlement agreements do not prevent direct distribution by Haagen–Dazs of its products through its wholly-owned entities, which Haagen–Dazs may choose to employ, in whole or in part, in lieu of distribution through distributors and subdistributors who currently or hereafter carry Ben & Jerry's products.

6. The settlement agreements between Haagen–Dazs and Ben & Jerry's and between Haagen–Dazs, Pillsbury and Ben & Jerry's, which are of record in this action, shall remain in full force and effect.

7. This Stipulation and Order shall be binding upon the successors and assigns of any party.